# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CAROL D. WHEATLEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:20-CV-227-SNLJ |
| LILLY BEASLEY, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Carol D. Wheatley's request for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the request, the Court finds that the plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed without payment of the filing fee. After initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), however, the Court will dismiss without prejudice plaintiff's complaint for failure to state a claim for racial discrimination in violation of the Fair Housing Act.

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without payment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Complaint**

Plaintiff, a 49-year-old white woman, alleges that she suffered damages as a result of the defendant discriminating against her in violation of the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.* ("FHA"). Plaintiff alleges she resides at 25 Conn Street, East Prairie, Missouri 63845. Plaintiff alleges the property is owned by John Sollenberger Properties and that defendant Lilly Beasley is employed as the property manager.

In May 2019, plaintiff filed a charge with the U.S. Department of Housing and Urban Development, alleging discrimination on the basis of disability and race in violation of the FHA. On September 21, 2020, the U.S. Department of Housing and Urban Development dismissed plaintiff's case, determining that "no reasonable cause exists to believe that a discriminatory housing practice has occurred." *See* ECF 1-1 at 5-15.

Plaintiff filed this civil action on October 28, 2020 against defendant Lilly Beasley. In her complaint, plaintiff states that she was a victim of a "hate crime." She states that on April 24, 2019, defendant Beasley told her to "take my white ass back across the street to my apartment or [defendant] has got something that will take care of me with something other than [defendant's] hands." Plaintiff also admits that she would not accommodate maintenance staff into her apartment to treat black mold.

In her complaint, plaintiff lists as a bullet-point that her property lease was not renewed on January 31, 2020, but she does not allege this failure to renew her lease had anything to do with the alleged discriminatory conduct of defendant Beasley. Presumably this decision was made by the property owner Eagles Landing Properties, L.P. or the property's management company Sollenberger Properties LLC. Assuming defendant Beasley had sole authority to deny plaintiff's lease renewal, plaintiff does not state that this failure to renew the lease was caused by the alleged racial discrimination.

In a supplement to her complaint dated April 15, 2021, plaintiff states that she has been served two eviction notices within the past five months. For relief, plaintiff seeks a new home with utilities paid for one year, punitive damages, and $500,000 in compensatory damages for emotional distress, anxiety, PTSD, and depression.

## Discussion

Under the FHA, it is unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). Disparate treatment claims under the FHA are tested under the same framework as Title VII disparate treatment claims. *See Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010). The standard is whether the defendant treated the plaintiff less favorably than others based on her race, color, religion, sex, or national origin. *Id.* Plaintiff may allege either direct or indirect evidence showing a link between the alleged discriminatory animus and the discriminatory action. Direct evidence is evidence "showing a specific link between the alleged discriminatory animus and the challenged action." *Id.* at 831. "Direct evidence does not include stray remarks in the workplace, statements by nondecisionmakers, or statements by decisionmakers unrelated to the decisional process itself." *Id.* (quoting *Twymon v. Wells Fargo & Co.*, 462 F.3d 925, 933 (8th Cir. 2006)).

Plaintiff alleges a "hate crime," which the Court will construe as an allegation of racial discrimination based on a remark by the property manager, Lilly Beasley. In her complaint, plaintiff alleges that on April 24, 2019, Beasley told her to "take my white ass back across the street to my apartment or she's got something that will take care of me with something other than her hands." Based on the report of the HUD investigation attached to the complaint, however, plaintiff describes this incident differently.[1] In the HUD investigation report, plaintiff states that

---

[1] Plaintiff attached to her complaint the HUD investigation report. *See* ECF No. 1-1 at 5. Under Federal Rule of Civil Procedure 10(c), the Court will construe this exhibit as part of the pleading for all purposes.

on May 1, 2019, defendant Beasley woke her up by banging on her door asking plaintiff to sign a lease violation notice because plaintiff's utilities had been disconnected. Plaintiff also stated defendant attempted to enter plaintiff's apartment to search for mold. Plaintiff said she asked defendant to come back later. Later that same day, plaintiff went to defendant's office and requested her utility allowance, and at this point plaintiff states defendant told her to "take [her] white ass back across the street." *See* ECF No. 1-1 at 7.

Liberally construed, plaintiff's complaint alleges that an employee of the property management company made a stray discriminatory remark in April or May of 2019, and that plaintiff's lease was not renewed on January 31, 2020. Plaintiff does not allege any facts, however, to establish that defendant Beasley's discriminatory remark was linked to any discriminatory conduct. She does not allege any link between the stray statement of Beasley and the management company's decision not to renew plaintiff's lease on January 31, 2020. *See Gallagher*, 619 F.3d at 831-32. In fact, based on the HUD report attached to the complaint, it is likely that plaintiff's lease was not renewed because she forbid maintenance staff and pest control entry into her apartment, which violated a provision of her lease. Nor does plaintiff allege that Beasley was a decisionmaker. *Id.*

A claim of racial discrimination under the FHA must be supported by more than an allegation of harm and membership in a protected class to survive initial review. *See Iqbal*, 556 U.S. at 667-670, 680-682 (2009). Plaintiff's allegations do not rise to the level of a claim of discrimination under the FHA. Although plaintiff reasonably may have found Beasley's remarks offensive, isolated or stray racially-related remarks are not normally treated as evidence of discrimination, especially when they are not tied to management policy or any discriminatory

impact. *See Gallagher*, 619 F.3d at 832 ("Appellants cite many statements that purportedly show the 'discriminatory attitude' of Housing Code enforcement in the City. Nearly all of these statements are not direct evidence of racial discrimination because they have little or no connection to [the decisionmaker's] policy or action."); *see also Ellis v. City of Minneapolis*, 860 F.3d 1106, 1112 (8th Cir. 2017) ("A plaintiff who fails to allege facts at the pleading stage . . . demonstrating a causal connection [between a policy and a disparity] cannot make out a prima facie case of disparate impact.") (quoting *Tex. Dep't of Housing Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct 2507, 2523 (2015)). Plaintiff's allegations fail to state a claim for racial discrimination under the FHA. She has not alleged any factual information showing that she was treated differently due to her race.[2]

As a result, liberally construing plaintiff's complaint, her FHA discrimination allegations against defendant Lilly Beasley fail to state a claim upon which relief can be granted. The Court will dismiss her claims without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to file this action without payment of the filing fee is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint against defendant Lilly Beasley is **DISMISSED without prejudice**.

---

[2] In her complaint, plaintiff does not allege she was discriminated against based on disability. She states only that "I receive in home care by oxygen." Because she does not allege any discrimination based on disability, the Court will not address this issue.

-6-

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 28th day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE